# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-0336 (LMP/SGE) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Tewabe Semu Getachew | |
| Defendant. | |

This matter is before the Court, United States Magistrate Judge Shannon G. Elkins, on Defendant Tewabe Semu Getachew's Motion for an Order Requiring the Sherburne County Jail to Admit an Interpreter, Who May Be Uncertified, to Assist Counsel in Representation of the Defendant (Dkt. No. 24.) The Court heard oral argument on the Motion on January 30, 2025. (Dkt. 25.) Assistant United States Attorney Ruth Shnider appeared for the Government, and Attorney Paul Engh appeared on behalf of Mr. Getachew, who was present in the courtroom. Francois Stephanos was sworn in and served as the Amharic interpreter for Defendant during the hearing.

Mr. Getachew is originally from Ethiopia. Although he can speak and understand basic English, his native language is Amharic. Mr. Getachew has met with his attorney, Paul Engh, a number of times. Through his Motion, Mr. Engh explains his need for an interpreter when discussing the law and indictment with Mr. Getachew, who is charged with attempted murder of a postal worker and faces a possible sentence of 25 years.

Mr. Engh's Motion requests an interpreter be allowed to join him when visiting Mr. Getachew at the Sherburne County Jail to assist with their communications. Mr.

Getachew also requests an interpreter assist in their communications. Mr. Engh submits that he has communicated with the administrative staff at the Sherburne County Jail and informed them there are no United States District Court certified interpreters in Amharic in the State of Minnesota. In response, via email, Mr. Engh was told "the inmate does not appear to have difficulty understanding and communicating in English . . . [Jail Administration] [is] denying the interpreter at this time." (Dkt. No. 24.) The Jail Administration explained they will allow only federal court certified interpreters to join counsel at the facility to assist with federal inmates and their defense.

There are no federal court certified Amharic interpreters in the State of Minnesota. Each time Mr. Getachew has appeared in federal court, the Court has utilized the Amharic interpretation services of Francis Stephanos. (Dkt. Nos. 8, 15, 25.)

Defendant's counsel moves for an order requiring Mr. Stefanos or another non-certified interpreter be allowed to join him when visiting Defendant at Sherburne County Jail so that Defendant and counsel can adequately communicate about the law and his case. At the hearing, the Government took no position on the motion.

## ANALYSIS

The Sixth Amendment guarantees a right to counsel at critical stages of a criminal proceeding. *Montejo v. Louisiana,* 556 U.S.778, 786 (2009). The Supreme Court has "found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *United States v. Chronic*, 466 U.S. 648, 659 n.25 (1984). Thus, under *Chronic*, the denial of counsel during a critical stage of the proceeding amounts to a *per*

*se* denial of effective assistance of counsel. "The complete denial of counsel during a critical stage of a judicial proceeding . . . mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000). The right to counsel encompasses a right to confer with one's counsel, and the denial of the right to confer results in a constitutional violation. *See Geders v. United States*, 425 U.S. 80, 91 (1976).

"It is well settled that the appointment of an interpreter lies within the sound discretion of the trial judge." *United States v. Gonzales*, 339 F.3d 725, 726 (8th Cir. 2003) (cleaned up). Indigent defendants who cannot speak or understand English are "constitutionally entitled to an interpreter." *United States v. Johnson*, 248 F.3d 655, 663 (7th Cir. 2001) (citing *United States ex rel. Negron v. New York*, 434 F.2d 386, 387 (2d Cir. 1970); *Luna v. Black*, 772 F.2d 448 (8th Cir. 1985). Failing to provide an interpreter might render a trial "fundamentally unfair if the lack of an interpreter inhibits a defendant's comprehension of the proceedings . . . ." Under the Court Interpreters Act, where no certified interpreter is available, the court "shall utilize" the services of an "otherwise qualified interpreter . . . ." 28 U.S.C. § 1827(d)(1).

Here, the Court determines that Defendant's right to an interpreter justifies an order requiring Sherburne County Jail to allow defense counsel to bring an interpreter to client meetings, assuming the interpreter also passes the background check, and abides by the rules and policies of the facility. Further, because there are no Amharic federal court certified interpreters in Minnesota, the Court Interpreters Act requires the court to use an "otherwise qualified interpreter" to secure Mr. Getachew's rights. Thus, although Mr.

Stefanos is not certified, the Court has used his services as an Amharic interpreter during three federal court hearings in this case.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Sherburne County Jail Officials shall allow Defendant's counsel to be accompanied by a non-certified Amharic interpreter when visiting his client, Mr. Getachew, at the Sherburne County Jail.

**SO ORDERED.**

Date:  January 31, 2025

*s/ Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge