# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-0336 (LMP/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Tewabe Semu Getachew | |
| Defendant. | |

This matter is before the Court on Defendant Tewabe Semu Getachew's Motion for a Competency Evaluation pursuant to 18 U.S.C. § 4241(a). *See* ECF No. 23. Defense counsel reports that he believes Mr. Getachew may suffer from a mental disease or defect that is impairing his ability to meaningfully participate in his defense. Defense counsel has also submitted an evaluation report and judicial order from Ramsey County District Court finding that Mr. Getachew was incompetent to stand trial for related state charges. (*See* Dkt. Nos. 23-2, 23-3.) Accordingly, and prior to a hearing to determine the Defendant's competency, the defense requests a court-ordered psychological evaluation pursuant to 18 U.S.C. § 4241(b), with transfer by the Bureau of Prisons ("BOP") to a suitable BOP facility for such evaluation to be conducted.

The Government does not oppose the request. In not objecting, the Government does not concede that Mr. Getachew is presently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Furthermore, the

Government reserves the right to make any relevant arguments at subsequent hearings on Mr. Getachew's present or past mental condition.

## ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for a Competency Evaluation is **GRANTED** as follows:

1. Defendant's request for an evaluation to determine Defendant's competency pursuant to 18 U.S.C. § 4241(b) is **GRANTED**. The Court has "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). As such, Defendant is committed to the custody of the Attorney General for a reasonable period, but not to exceed thirty days, and for the limited purpose of conducting a psychological examination of Defendant pursuant to 18 U.S.C. § 4241(a). *See* 18 U.S.C. § 4247(b). The psychological examination shall take place as soon as practicable following the issuance of this order.

2. The Court directs that the study assess Defendant's competency. The report of examination should include Defendant's history and present symptoms; a description of the psychiatric and/or psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis and prognosis. *See* 18 U.S.C. § 4247(c). The Court further directs

that the evaluation include the examiner's opinions as to whether Defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. Defendant shall surrender to the custody of the Attorney General at a location designated for hospitalization by the Attorney General on the date, and at the time, designated by the Attorney General for purposes of the examination.

4. The psychological examination shall be conducted in a suitable facility closest to the Court, unless impracticable. 18 U.S.C. § 4247(b). <u>The Court recommends that the examination be conducted at FMC Rochester, or at a location as close to Minnesota as possible, so the defendant may remain near his counsel and this Court for any necessary future proceedings.</u>

5. To the extent the parties seek a hearing to determine Defendant's competency pursuant to 18 U.S.C. § 4241(a), the motion is **GRANTED**. The Court shall conduct a hearing, at a date and time to be determined, pursuant to 18 U.S.C. § 4241(c). The report of Defendant's psychological examination shall be filed with the Court as soon as practicable following the examination, but no later than seven (7) days prior to the date of the hearing.

6. It is **FURTHER HEREBY ORDERED** that the entire period of from the filing of Defendant's Motion, through the date of the Court's order determining the issue of the Defendant's competency, is hereby excluded from the period within which the trial of this matter must commence under the Speedy Trial Act.

*See* 18 U.S.C. §3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion") and 18 U.S.C. § 3161(h)(1)(A) ("delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."). Accordingly, the time period between January 29, 2025, and the determination of Defendant's mental competency shall be excluded from Speedy Trial Act computations in this case.

**SO ORDERED.**

Date:  January 31, 2025                                          *s/ Shannon G. Elkins*
                                                                 SHANNON G. ELKINS
                                                                 United States Magistrate Judge